# CARROLL.

## JULY TERM, A. D. 1853.

## SCHOOL DISTRICT IN MOULTONBOROUGH *v.* TUTTLE.

The teacher of a public school is not entitled to pay for his services until he has made a report to the superintending committee, in compliance with the statute.

An action will lie in favor of a school district against a prudential school committee man, to recover money of the district paid by him to a teacher for his services, who had not made a report to the superintending committee, according to law.

Where it appears that a proper report has not been made by the teacher to the superintending committee, their certificate that he has made a report, is not competent evidence that a proper report has been made.

Whether, as it is not their duty to make a certificate, it would be evidence under any circumstances, *quaere ?*

ASSUMPSIT, for money had and received. The defendant was prudential committee man for the district, for the year 1851, and in that capacity received the sum of $39.48 school money, assigned to the district by the selectmen of the town. He employed Thomas R. Davis to teach the school for six weeks, and paid him $24 for his services. The district claims this sum on the ground that Davis did not furnish to the superintending committee a register, as required by law. The register furnished the committee was produced, and it appeared not to have been signed, and to be defective in other respects.

At the time of the payment of the $24, the defendant

was confined to his room by sickness, and Davis produced to him a certificate from the superintending committee, of which the following is a copy:

" To whom it may concern. This may certify that we have this day examined Mr. Thomas C. Davis, and find him qualified to teach in the various branches required by law to be taught in our common schools.

W. H. H. MASON, } Superintending<br>
B. M. MASON, } School Committee.

Moultonborough, November 3, 1851."

Davis also made a report of his school, as follows:

" Moultonborough, March 9, 1852.

This certifies that Mr. Thomas C. Davis has made a report of the school in district No. 14, and forwarded the same to us according to law.

W. H. H. MASON, } Superintending<br>
B. M. MASON, } School Committee."

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court.

*James Bell*, for the plaintiff.

A report from every teacher of a public school is required by the statute to be made to the superintending school committee of the town, and it is expressly provided that he shall not be entitled to payment for his services until this provision has been complied with. Act of July 1846, page 297.

This report must show the number of scholars, male and female, the branches of learning taught, and the progress made.

The report in this case is not in compliance with the statute, because it is not signed, and because it gives no account of the studies pursued, and of the progress made.

The certificate of the superintending school committee is

School District in Moultonborough *v.* Tuttle.

not even *prima facie* evidence of such a report having been made, as it is not made their duty to make such a certificate.

*Emerson*, for the defendant.

GILCHRIST, C. J. In order to entitle Davis to pay for his services, he must have made a report to the superintending school committee, of the number of scholars, male and female, that have attended, the branches of learning taught, and the progress made. Act of July 8, 1846, § 2 p. 297; Comp. Laws 179 § 19. The case finds that he made a report, (called a *register* in the case,) but it was not signed, and was otherwise defective.

The fact, then, being, that he did not make such a report as the law required, he was not entitled to compensation for his services. Whether, if it had not appeared affirmatively that the report was defective, the certificate of the superintending school committee, supposing one to be required, would be competent evidence that such a report was made as the law required, is a question that need not be determined at present. As we know what the report was, their certificate cannot make it anything different from the facts, and those show it to have been defective. Moreover, their certificate is not made in pursuance of any duty imposed on them by law. It is a mere voluntary statement, made by third persons, who could be witnesses, and is essentially hearsay evidence.

As Davis was not entitled to any compensation for his services, of course the defendant was not authorized to pay him. He disposed of the money of the district, contrary to the provisions of the statute. He must account to the district for the money he has paid to Davis, and as he has failed to make any valid defence to the suit, there must be

*Judgment on the verdict.*